### THE STATE v. WILLIAM R. HAM.

Submitted March 16, 1904—Decided February 27, 1905.

In an indictment for the illegal sale of intoxicating liquor the place of sale is a material incident of the crime charged; and an amendment of the indictment, by substituting therein another place for that named by the grand jury, is not warranted by the provisions of section 34 of the Criminal Procedure act.

---

On error to Monmouth Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiff in error, *Alan H. Strong.*

For the state, *John E. Foster,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant was convicted in the Monmouth Quarter Sessions on an indictment charging him with the illegal sale of intoxicating liquors in the township of Neptune, in that county. This conviction was subsequently set aside by this court, on error, because the only proof offered in support of the charge contained in the indictment was the sale of liquor in the city of Asbury Park, and not in the township of Neptune. The case having gone back to the Monmouth Sessions, that court, on the application of the prosecutor of the pleas, and against the objection of defendant's counsel, ordered the indictment amended by substituting the words "city of Asbury Park" in the place and stead of the words "township of Neptune." The defendant was then tried and convicted upon the amended indictment. A writ of error having been allowed, the defendant now seeks to have this conviction set aside, upon the ground, among others, that the trial court was without authority to cause the indictment to be amended in the particular specified. The state relies upon section 34 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 878) as justifying the judicial action thus challenged. That section provides that "whenever upon the trial of any indictment there shall appear to be any variance between the statements therein and the evidence offered in proof thereof, in the name of any county, city, township or other place mentioned in said indictment, * * * it shall be lawful for the court before which the trial shall be had, if it shall consider such variance not material to the merits of the case, and that defendant cannot be prejudiced thereby in his defence on such merits, to order the indictment to be amended according to the proof."

It will be perceived that the right to direct an amendment, of the character specified in the statute, is limited to those cases in which the variance is not material to the merits. In the present case, the variance seems to us to be vital. The sale of liquor is not of itself criminal; it only becomes so when it is made without a license. Consequently, as a license

to sell liquor is limited by its terms to a particular place, the existence or non-existence of the offence may depend altogether upon the place where the sale is made, for the offence is equally committed by him who holds a license but who sells at a place other than that which is designated in it and by him who has no license to sell at all. The place of sale set out in the indictment is therefore of the essence of the crime. To permit an amendment by substituting another place for that specified by the grand jury is to permit the substitution of another offence. A license to sell in the place named in the indictment, although a complete defence to the charge presented by the grand jury, might be no defence at all to the charge substituted by the amendment; and a license to sell at the place substituted by the amendment, although no defence to the charge laid by the grand jury, would entitle the defendant to an acquittal on the charge substituted by the court.

The judgment under review must be reversed.